IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,716






EX PARTE TRAMAINE D. BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0893961 IN THE CRIMINAL DISTRICT COURT NO. 4


FROM TARRANT COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
with a deadly weapon and sentenced to forty-eight (48) years' imprisonment. The Second Court of
Appeals affirmed his conviction. Burns v. State, 2006 WL 412973, No. 02-04-601-CR (Tex. App.
- Fort Worth, February 23, 2006) (not designated for publication). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. We remanded this application
to the trial court in order to provide appellate counsel with an opportunity to respond to Applicant's
claim in the context of habeas corpus review. 

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered supplemental findings of fact and conclusions of law that appellate counsel failed to timely
notify Applicant that his conviction had been affirmed. The trial court recommends that relief be
granted. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the
judgment of the Second Court of Appeals in Cause No. 02-04-601-CR that affirmed his conviction
in Case No. 0893961D from the Criminal District Court No. 4 of Tarrant County. Applicant shall
file his petition for discretionary review with the Second Court of Appeals within 30 days of the date
on which this Court's mandate issues. All other claims are dismissed. See Ex parte Torres, 943
S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: June 27, 2007

Do not publish